UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CEDRIC DUPREE,
    Plaintiff,

vs.                                              08-1180

Lt. DEATHERAGE, et. al.,
    Defendants.

## CASE MANAGEMENT ORDER #1

    This cause is before the court for case management and consideration of various pending motions including: the plaintiff's motions for appointment of counsel [d/e 4, 10]; the plaintiff's motion to reconsider the court's September 23, 2008 order [d/e 9]; the plaintiff's motion for a copy of his complaint [d/e 8]; the plaintiff's motion for a fitness hearing [d/e 11] and the plaintiff's motion for leave to file an amended complaint. [d/e 12]

    The pro se plaintiff, a state prisoner, filed his initial complaint pursuant to 42 U.S.C. §1983. On September 23, 2008, the court struck the complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure which requires the plaintiff to submit a short and plain statement of his claims. See Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint is to put the defendant on notice of the plaintiff's claims. *Ross Brothers Construction Co., Inc. v International Steel Services, Inc.,* 2002 WL 413172 at 4 (7th Cir. 2001) *quoting Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001). However, the plaintiff's complaint listed 122 defendants, but did not make reference to most of these individuals in the body of the complaint.

    In addition, the handwritten complaint was illegible in places. The plaintiff was informed that if he wished to continue the litigation, he had to submit an amended complaint to the court. The plaintiff was advised that he must name only defendants who were directly involved in his allegations. And for each individual, the plaintiff had to state what he was accusing the defendant of doing, where it occurred and when it occurred. The plaintiff was given a month to file his amended complaint.

    The plaintiff has not complied with the court's order. Instead, the plaintiff has filed a variety of motions.

## MOTIONS FOR APPOINTMENT OF COUNSEL

    The plaintiff has filed two motions for appointment of counsel. [d/e 4, 10]. The plaintiff says he has tried to find counsel to represent him without success. The plaintiff says he is currently receiving treatment for mental health issues, but he does not provide any specific

1

diagnosis or treatment. The plaintiff also points out that the court has appointed counsel for him in another lawsuit pursuant to 42 U.S.C. §1983. *See Dupree v Pierce,* Case No. 05-1028.

The court notes that counsel was appointed for the plaintiff in the consolidated case. The court also notes that the plaintiff has repeatedly complained about counsel and has at times failed to cooperate with his counsel in the litigation of his case. Furthermore, the plaintiff has demonstrated that he is capable of stating his claims. Counsel was not appointed for the plaintiff in his other lawsuit until he first stated his claims against the defendants. Even if the court were to assume that the plaintiff is not capable of representing himself in this lawsuit, "it is too early in the case to make a determination whether plaintiff's claim is sufficiently meritorious such that appointing counsel would make a difference in the case." *King v. Frank,* 328 F.Supp.2d 940, 950-951(W.D.Wis.,2004).

> Lawyers who accept appointments to represent pro se plaintiffs in civil cases are not guaranteed any compensation. Thus, before this court takes the significant step of seeking out a lawyer willing to take the case, the court has an obligation to insure that the issues raised in a particular case are both substantial and meritorious. Further, the number of lawyers able to take court appointments is very limited. Thus, it is simply impossible to accommodate all of the requests of pro se plaintiffs, mostly prisoners, who request a lawyer. *Id* at 951.

The plaintiff must file an amended complaint that narrows his claims and clearly states what he is alleging against each defendant. Accordingly, the plaintiff's motions for appointment of counsel are denied with leave to renew at some later stage of the proceedings. [d/e 4, 10]. In addition, the plaintiff's motion to reconsider the order striking his complaint and motion for a fitness hearing are denied. [d/e 9, 11]

The plaintiff has filed a motion to amend his complaint. [d/e 12]. However, the plaintiff has not attached a proposed complaint to his motion. Therefore, the motion is denied. The plaintiff must file his amended complaint within 21 days of this order. To assist the plaintiff, he must follow these instructions:

1) The plaintiff must write clearly and legibly.
2) The plaintiff must only name defendants that were directly involved in his allegations.
3) The plaintiff must clearly state what he is accusing each defendant of doing, what correctional facility it occurred at and approximately when it happened.
4) The amended complaint must stand complete on its own, without reference to first complaint. This prevents confusion over intended claims and defendants.

The plaintiff is also advised that he must not bring unrelated claims in the same lawsuit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007) For instance, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. *Id.* The plaintiff is further admonished that if he does state unrelated claims in his complaint that are frivolous, malicious or fail to state a claim upon which relief can

be granted, he will incur strikes pursuant to 28 U.S.C. § 1915(g). *Id.*

Finally, the plaintiff's motion for a copy of his initial complaint is granted. [d/e 8] The clerk of the court will be directed to provide a copy to the plaintiff. However, the plaintiff is admonished that in the future, he must keep a copy of any document he files with the court. No further copies will be provided.

The court notes that it had hoped allowing the plaintiff an opportunity to amend his complaint would not only clarify his claims, but also allow him to avoid incurring strikes for unrelated claims that were frivolous, malicious or failed to state a claim. However, if the plaintiff decides not to follow the court's direction and does not file an amended complaint. The court will reconsider the initial complaint filed by the plaintiff and strikes may be assessed.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motions for appointment of counsel are denied with leave to renew. [d/e 4, 10],**

**2) The plaintiff's motion to reconsider the court's September 23, 2008 order [d/e 9] and motion for a fitness hearing are denied.[d/e 11]**

**3) The plaintiff's motion for leave to amend his complaint is denied. [d/e 12] The plaintiff must provide a proposed amended complaint.**

**4) The plaintiff's motion  for a copy of his initial complaint is granted. [d/e 8] The Clerk of the Court is directed to provide the plaintiff with a copy of his complaint [d/e 1]. No further copies will be allowed.**

**5) The plaintiff must file his proposed amended complaint within 21 days of this order. No further continuances will be allowed.  If the plaintiff fails to follow this court order, the court will reconsider the initial complaint filed in this case.  The plaintiff is advised that if he states unrelated claims in his complaint that are frivolous, malicious or fail to state a claim upon which relief can be granted, he will incur strikes pursuant to 28 U.S.C. § 1915(g).  *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007**

Entered this 19th Day of March, 2009.

                                                s\Harold A. Baker

                                         HAROLD A. BAKER
                                 UNITED STATES DISTRICT JUDGE