IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CEDRIC DUPREE, #N63566, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08-1180 |
| ) | |
| LARRY DEATHERAGE, et al., ) | |
| ) | |
| Defendants. ) | |

### ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S AMENDED COMPLAINT

NOW COMES Defendant, STEPHEN MOTE, by and through his attorney, Lisa Madigan, Attorney General of the State of Illinois, hereby submits his Answer and Affirmative Defenses to Plaintiff's Amended Complaint as follows:

### Answer

On July 8, 2009, the Court conducted a Merit Review of Plaintiff's Amended Complaint [d/e 14]. The Court states that Plaintiff divided his Complaint into numbered sections. Defendant will now respond to those numbered sections as written by the Court.

1. The plaintiff says on March 16, 2006, Officer Knight allowed an inmate out of his cell for the purpose of assaulting the plaintiff. The inmate "spit an (painful) unknown substance" into the plaintiff's eyes. (Comp, p. 8). The officer then refused the plaintiff medical attention and told him to stop filing grievances and lawsuits against staff at the correctional center.

**Response:** Defendant denies the above allegations of Count 1.

2. On June 27, 2006, Officer Duzan allowed an inmate to "stomp" the plaintiff causing injuries. (Comp., p. 8). The plaintiff claims the officer had previously told the plaintiff he was going to allow the attack based on the plaintiff's prior litigation. The plaintiff says Defendant Mahone denied him medical attention for his injuries.

**Response:** Defendant denies the above allegations of Count 2.

3. The plaintiff says on January 26, 2006, Defendant Lane "intentionally" walked me under some stairs while welders were working and allowed me to have sparks fly in my eyes." (Comp, p. 8). The plaintiff says the officer told him he needed to stop suing staff. Nurse Ellinger refused to provide medical attention to the plaintiff due to a previous lawsuit against her. The plaintiff claims the incident has caused continued eye problems.

**Response:** This Count has been partially dismissed by the Court. However, to the extent it remains a Count, Defendant lacks sufficient knowledge to admit or deny the allegations.

4. On November 11, 2005, the plaintiff says Officer Mottershaw threatened to do something to the plaintiff's food. The plaintiff says the officer made good on this promise on November 13 and 14, 2005, and the plaintiff had to be taken to an outside hospital due to the pain. The plaintiff again says the defendants threats were based on previous litigation.

**Response:** Defendant denies the above allegations of Count 4.

5. On December 27, 2007, the plaintiff says unknown individuals set him up for another inmate attack, and Defendants Eileer, Beasley and Nurse Terri then refused medical attention. (Comp, p. 8).

**Response:** Defendant denies the above allegations of Count 5.

6. The plaintiff says Defendants Deathridge, Quinley, Trainor and Eileers set up inmate attacks against the plaintiff on February 5, 2007 and May 28, 2008 in retaliation for previous lawsuits. The plaintiff says he was denied medical attention and warned to stop filing lawsuits. The plaintiff also says he was placed in segregation even though he had no disciplinary action pending.

**Response:** Defendant denies the above allegations of Count 6.

7. Lieutenant Shaw is accused of using excessive force on May 20, 2006 by "sadistically twisting" the plaintiff's handcuffs causing pain and bruising. The defendant told the plaintiff to stop suing him and his staff. The plaintiff then appears to allege that Defendants Allen and Forbes did the same thing to him on February 6, 2009 based on a lawsuit he had filed. (Comp.,p. 8). This incident occurred after the plaintiff initially filed his lawsuit on July 21, 2008. The plaintiff could not have exhausted his administrative remedies prior to filing the suit.

**Response:** This Count has been dismissed.

8. The plaintiff says on April 20, 2007, Lieutenant Prentice allowed another inmate attack in retaliation for previous litigation.

**Response:** Defendant denies the above allegations of Count 8.

9. The plaintiff says on September 5, 2007, Officer Blackwell used excessive force when he violently attacked the plaintiff causing injury. Defendant Gish failed to protect the plaintiff from the assault and Nurse Overfelt refused medical treatment. The plaintiff says the attack was the result of his previous grievances and lawsuits.

**Response:** Defendant denies the above allegations of Count 9.

10.     On July 1, 2006, the plaintiff says Defendant Duzan dislocated the plaintiffs' shoulder in retaliation for previous lawsuits.

**Response:**  Defendant denies the above allegations of Count 10.

11.     On June 27, 2006, Defendants Gilbert, Brand, Bohm, Todd and Smithson allowed an inmate to attack the plaintiff.  The plaintiff says he was denied medical treatment by Defendant Todd in an attempt to cover up the assault.  The plaintiff alleges he was again warned to stop his lawsuits.  The plaintiff further claims that Dr. Vade refused him medical treatment.

**Response:**  Defendant denies the above allegations of Count 11.

12.     On October 25 in an unspecified year, the plaintiff says Defendants Lewis, Evans and Sipple entered his cell and beat the plaintiff based on previous lawsuits. Nurse Joel and Nurse Terry refused to provide medical attention.  The plaintiff then makes claims about being left in a cold room, naked and without food the next day, but names no specific defendants.  (Comp., p. 9)

**Response:**  Defendant denies the above allegations of Count 12.

13.     The plaintiff says on "1-5-5 & 11-15-5 till present" Defendants Whitacker, Troyer, Vilt, Hodge and Libby conspired to cover up the attacks and did nothing to prevent future attacks.  (Comp., p. 9).  The plaintiff also says "this includes the Wardens, Director Eddie Jones, Stephen Mote, Guy Pierce, Roger Walker and Joseph Mathy" but does not explain any involvement by these defendants.  (Comp, p. 9).

**Response:**  Defendant denies the above allegations of Count 13.

Defendant denies that he violated Plaintiff's rights in any way whatsoever.  Further, Defendant denies that Plaintiff is entitled to any relief whatsoever in this case.

**Affirmative Defenses**

1. Plaintiff failed to exhaust his administrative remedies before filing suit, as required by the Prison Litigation Reform Act.

2. Defendant is entitled to qualified immunity.

3. Plaintiff's claim is barred by the statute of limitations.

        Respectfully submitted,

        STEPHEN MOTE,

          Defendant,

        LISA MADIGAN, Attorney General,
        State of Illinois

Larry J. Lipka, #6297043        Attorney for Defendant,
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706        By:  s/ Larry J. Lipka
(217) 782-9026                      LARRY J. LIPKA
                                           Assistant Attorney General

Of Counsel.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CEDRIC DUPREE, #N63566, | ) |
| Plaintiff, | ) ) ) |
| vs. | )    No. 08-1180 |
| LARRY DEATHERAGE, et al., | ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

    I hereby certify that on July 1, 2010, I electronically filed Defendant Mote's Answer and Affirmative Defenses to Plaintiff's Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

    None

and I hereby certify that on July 1, 2010, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

    Cedric Dupree, #N63566
    Pontiac Correctional Center
    700 W. Lincoln Street
    Post Office Box 99
    Pontiac, Illinois 61764

                                            Respectfully Submitted,
                                            s/ Larry J. Lipka
                                            Larry J. Lipka, #6297043
                                            Assistant Attorney General
                                            Attorney for Defendants
                                            500 South Second Street
                                            Springfield, Illinois  62706
                                            (217) 782-9026  Phone
                                            (217) 524-5091  Fax
                                            E-Mail:  llipka@atg.state.il.us